FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

NOV 10 2020

By JAMES N. HATTEN, Clerk
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LAKEISHA GRIFFITH, | ) | Civil Action No. |
| | ) | |
| Plaintiff, | ) | **1:20-CV-4593** |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| DEKALB COUNTY | ) | |
| SCHOOL DISTRICT and | ) | |
| PAMELA BENFORD, | ) | |
| REGIONAL SUPERINTENDENT, | ) | |
| in her individual capacity | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff, LaKeisha Griffith ("Plaintiff" or "Principal Griffith"), pro-se, and files this Complaint for Damages, showing the court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, liquidated damages, and reasonable attorney fees for Defendant DeKalb County Schools District's ("Defendant Dekalb County Schools") violation of her rights under Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and the Civil Rights Act of 1991, 42 U.S.C. § 1981, *et, seq.* ("Section 1981).

2.

Plaintiff also brings this action for damages, liquidated damages, and reasonable attorney fees for Defendant Dekalb County Schools' and Defendant Region Superintendent, Pamela Benford's ("Defendant Pamela Benford) (collectively, "Defendants") violations of her rights under 42 U.W.C. § 1983 for discrimination and retaliation based on sex in violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, U.S. Const. amend. XIV and violation of Plaintiff's rights under the First Amendment to the United States Constitution as enforced through 42 U.S.C. § 1983.

## JURISDICTION AND VENUE

3.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. § 1981, and 29 U.S.C. § 261(b)

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. § 1981, venue is appropriate with this Court.

## ADMINISTRATIVE PROCEDURES

5.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under Title VII. Plaintiff filed her Charge of Discrimination with the EEOC on June 1, 2020; the EEOC issued its Notice of Right to Sue on August 24, 2020.

6.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## **PARTIES**

7.

Plaintiff is a female citizen of the United Stated of America and is subject to the jurisdiction of this court.

8.

At all times relevant, Defendant DeKalb County Schools was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

9.

Defendant DeKalb County Schools may be served with by process by delivering a copy of the summons and complaint to Marissa Key, Chief Legal Officer, Dekalb County Board of Education, 1701 Mountain Industrial Blvd., Stone Mountain, GA 30083.

10.

Defendant Pamela Benford may be served with process by delivering a copy of the summons and complaint to her place of business, Dekalb County Board of Education, 1701 Mountain Industrial Blvd., Stone Mountain, GA 30083.

## **FACTUAL ALLEGATIONS**

### 11.

LaKeisha Griffith was originally hired by Defendant DeKalb County Schools as a substitute teacher in 2005.

### 12.

LaKeisha Griffith was re-hired by the Defendant on or about January 5, 2016, as Assistant Principal of Southwest DeKalb High School.

### 13.

LaKeisha Griffith was appointed Principal of Towers High School on or about July 5, 2018.

### 14.

Principal Griffith directly reported to Pamela Benford, Region Superintendent for Defendant DeKalb County Schools.

### 15.

In late July 2018, Region Superintendent Pamela Benford questioned Principal Griffith about her marital status and home life.

### 16.

During the July 2018 conversation, Regional Superintendent Pamela Benford informed Principal Griffith that "it would be difficult to perform the responsibilities of the Principalship as a single woman".

17.

Regional Superintendent Benford stated to Principal Griffith, "You will not be able to be a mother for your children at all times. You will have to miss most of their events and activities. As a rule, you should only plan to attend events that will happen only once".

18.

In closing the conversation, Region Superintendent Benford stated to Principal Griffith "The Principalship will be tough if you are raising children on your own". "Why are you not married?"

19.

In August of 2018, Region Superintendent Pamela Benford referred to Principal Griffith as "little girl" during a Principal's meeting.

20.

Region Superintendent Benford made a habit out of referring to Principal Griffith as "little girl" in the presence of other colleagues and employees.

21.

In April of 2019, after forcing Principal Griffith to change an employee evaluation, Principal Griffith noted the evaluation was being changed at the direction of Region Superintendent Benford.

22.

Immediately after reading the comments entered by Principal Griffith, Region Superintendent Pamela Benford became highly agitated and visibly upset, stating: "What's the purpose of that little girl?  You need to learn when to stop."

23.

In October of 2019, Region Superintendent Pamela Benford told Principal Griffith: "You know I did not hire you. You were already selected before I came on board.  The Superintendent selected you. I don't know what he saw in you."

24.

On September 16, 2019, Principal Griffith informed Region Superintendent Pamela Benford that a disgruntled employee had filed a complaint with the Georgia Professional Standards Commission against her.

25.

Principal Griffith shared with Regional Superintendent Benford that the allegations were false and that she had sought legal counsel to address the allegations.

26.

On September 17, 2019, at the order of Region Superintendent Benford, Dr. Candace Alexander arrived at the worksite of Principal Griffith.

27.

Dr. Candace Alexander directed Principal Griffith to leave the building with her.

28.

Principal Griffith was forced to sit in the office of Region Superintendent Pamela Benford for over six hours without being advised as to the reason for being escorted from her worksite.

29.

Principal Griffith was not permitted to leave nor provided a break for lunch.

30.

Regional Superintendent Pamela Benford returned to her office sometime after 5:00 p.m.

31.

Less than twenty-four hours after Principal Griffith informed Region Superintendent Benford of the allegation, Region Superintendent Benford placed Principal Griffith on administrative leave.

32.

Dr. Candace Alexander drove Principal Griffith back to her worksite and advised her to collect any personal belongings she might need.

33.

Thereafter, Region Superintendent Pamela Benford began to systemically escalate her discriminatory and retaliatory efforts against Principal Griffith.

34.

Although Defendant DeKalb County Schools does not have a policy to support placing Principal Griffith on leave due to an allegation made to an outside agency, Principal Griffith was relieved of her duties.

35.

Defendant DeKalb County Schools historically has not placed male employees on leave pending the outcome of investigations being conducted on behalf of the Professional Standards Commission.

36.

On September 18, 2019, Region Superintendent Pamela Benford held a meeting with Principals in Regional Six.

37.

During the meeting with Principals, Region Superintendent Pamela Benford disclosed confidential personnel information about Principal Griffith and shared the nature of the false allegation for which she was placed on leave.

38.

Two weeks after Region Superintendent Benford placed Principal Griffith on leave, she had Principal Griffith's name removed from the school's website.

39.

Defendant DeKalb Schools denied Principal Griffith's due process rights as outlined in O.C.G.A. § 20-2-940 (g) when it failed to hold a hearing after removing her from work for more than ten days.

40.

Region Superintendent Benford also ordered all pictures of Principal Griffith removed from the school's website.

41.

Shortly after Principal Griffith was placed on leave, Region Superintendent Benford forbade any employees from speaking with Principal Griffith.

42.

Region Superintendent Benford directed all school communications to Principal Griffith's email be terminated.

43.

On or about October 3, 2019, Regional Superintendent sanctioned the administration of a staff perception survey regarding Principal Griffith.

44.

Only select staff were directed to receive the survey and Principal Griffith was not to be told about the survey at the direction of Region Superintendent Benford.

45.

On January 8, 2020, Principal Griffith received "Notice of Recommendation for Termination".

46.

Principal Griffith was charged with: "Willful Neglect of Duties, Immorality and Any Other Good and Sufficient Cause".

47.

The allegations contained in the notice were not related to the reason Principal Griffith was originally placed on leave.

48.

Defendant DeKalb Schools initiated termination proceedings for alleged violations for which numerous similarly situated male employees were not dismissed.

49.

Principal Griffith was never notified that a subsequent "investigation" was being conducted.

50.

Both Defendant DeKalb County Schools and Region Superintendent Benford failed to contact Principal Griffith, request any information or allow her participation in the investigation into her alleged misconduct.

51.

Defendant DeKalb Schools Board Policy requires the participation of both Audits and Compliance and Legal Affairs to conduct allegations of alleged employee impropriety; however, neither department participated in the investigation.

52.

On January 14, 2020, Region Superintendent Pamela Benford informed Principals during an open meeting, that the Principalship at the school Principal Griffith was assigned to would be posted for hire and encouraged recommendations.

53.

On February 5, 2020, Principal Griffith participated in a Termination Hearing.

54.

During the hearing, evidence was presented to support claims of disparate treatment of similarly situated employees.

55.

A legally binding Hearing Tribunal exonerated Principal Griffith of each of the allegations alleged by Defendant DeKalb County Schools.

56.

The Hearing Tribunal rejected the recommendation to terminate Principal Griffith's contract.

57.

On February 8, 2020, Region Superintendent shared the outcomes of the hearing with a subordinate employee who was also the Principal of another school.

58.

During the conversation with the Principal, Region Superintendent Pamela Benford stated, "Griffith tried to throw me under the bus.  The district is going to still fire her.  She is probably going to try to file a lawsuit anyway."

59.

Shortly after Principal Griffith provided testimony during the termination hearing referencing emails sent to the Principal's group, Region Superintendent Pamela Benford had Principal Griffith removed from the email chain.

60.

On April 4, 2020, an Administrative Law Judge found no probable cause to support the complaint as alleged for which Principal Griffith was originally placed on leave for by Defendant DeKalb County Schools.

61.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text.

62.

Others outside of Principal Griffith's protected class were treated differently.

**CLAIMS FOR RELIEF**

**COUNT ONE:  GENDER DISCRIMINATON IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

*(Against Defendant DeKalb County Schools and Defendant Pamela Benford in her official capacity as agent of DeKalb County Schools)*

63.

Plaintiff re-alleges the preceding paragraphs as if fully set forth fully herein.

64.

Defendant's action in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of her gender in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et. seq. and 42 U.S.C. section 1981A.

65.

Defendants have willfully and wantonly disregarded Plaintiff's rights, and their discrimination against Plaintiff was undertaken in bad faith.

66.

The effects of the conduct complained herein has been to deprive Plaintiff of equal employment opportunity, and has otherwise adversely affected her status as an employee because of her gender.

67.

As a direct and proximate result of Defendants' violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her economic, psychological, and physical well-being.

68.

Accordingly, Defendants are liable for the damages Plaintiff has sustained as a result of Defendants' unlawful discrimination.

## COUNT TWO:  RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

*(Against Defendant DeKalb County Schools and Defendant Pamela Benford in her official capacity as agent of DeKalb County Schools)*

69.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

70.

Defendants' actions, as detailed above, in terminating Plaintiff because of her protected activity constitutes unlawful intentional retaliation in violation of Title VI.

71.

Defendants willfully and wantonly disregarded Plaintiff's rights, and Defendants' retaliation against Plaintiff was undertaken in bad faith.

72.

Accordingly, Defendants are liable for the damages Plaintiff has sustained as a result of Defendants' unlawful retaliation.

## COUNT THREE:  RACE DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

*(Against Defendant DeKalb County Schools and Defendant Pamela Benford in her official capacity as agent of DeKalb County Schools)*

73.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

74.

Defendants' actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of her race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq. and 42 U.S.C. section 1981A.

75.

Defendants have willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

76.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her race.

77.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her economic, psychological, and physical well-being.

78.

Accordingly, Defendants are liable for damages Plaintiff has sustained as a result of Defendants' unlawful discrimination.

## COUNT FOUR:  RACE DISCRIMINATION IN VIOLATOIN OF 42 U.S.C. § 1981

*(Against Defendant DeKalb County Schools and Defendant Pamela Benford in her official capacity as agent of DeKalb County Schools)*

79.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

80.

Defendants subjected Plaintiff to discrimination and harassment on the basis of her race.

81.

16

Defendants' actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of race in violation if 42 U.S.C. section 1981.

82.

The effect of the conduct was to deprive Plaintiff of economic opportunities, and otherwise adversely effect Plaintiff's status as an employee, because of her race.

83.

As a direct and proximate result of these actions, Plaintiff has been made a victim of acts that adversely affected her psychological and physical well being.

84.

As a direct and proximate result of Defendants' unlawful employment practices, Plaintiff has been embarrassed, humiliated and has suffered damage to her emotional health, and has lost back pay and front pay.

85.

Defendants have willfully and wantonly disregarded Plaintiff's rights, and Defendants' discrimination against Plaintiff was undertaken in bad faith.

86.

Defendants chose not to take appropriate remedial steps to prevent or correct harassment.

## **COUNT FIVE:  GENDER BASED DISCRIMINATION IN VIOLATION OF**

## **EQUAL PROTECTION RIGHTS UNDER THE FOURTEENTH**

## **AMENDMENT PURSUANT TO 42 U.S.C. § 1983**

*(Against Defendant Pamela Benford in her individual capacity)*

87.

Plaintiff re-alleges the preceding paragraph as if set forth fully herein.

88.

Defendant Pamela Benford is a person for purposes of 42 U.S.C. § 1983.

89.

Plaintiff is a female and a member of a protected class for purposes of interpretation of § 1983.

90.

The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution prohibits the states and state actors from discriminating against individuals based on their sex.

91.

Defendant Pamela Benford violated Plaintiff's rights under the Equal Protection Clause of the 14th Amendment by impermissibly discriminating against her on the basis of her gender.

92.

18

Defendant Pamela Benford encouraged the practice of gender stereotyping and discriminated against Plaintiff on the basis of gender because, among other things, she oppressed her female employees, treated her male employees more favorably, disciplined her female employees more harshly as compared to her male employees, and perpetuated a workplace environment of harassment and retaliation against the female gender that deprived them of equal opportunity in the workplace.

93.

Defendant DeKalb Schools failed to supervise or discipline Defendant Pamela Benford and allowed her pattern of anti-harassment and non-discrimination to continues in the workplace while Principal Griffith was employed by Defendant DeKalb Schools.

94.

Defendant Dekalb Schools had actual knowledge of Defendant Pamela Benford's pattern of wrongdoing and failed to prevent it or correct it.

95.

Defendant Pamela Benford executed a pattern of actions and decisions contrary to Defendant Dekalb Schools written policies.

96.

Defendant DeKalb Schools failed to take action in accordance with its own written policies.

97.

Defendant Pamela Benford's conduct as alleged in this complaint denied Plaintiff equal protection of the laws as guaranteed under the Fourteenth Amendment of the United States Constitution.

98.

The effect of the conduct was to deprive Plaintiff of economic opportunities, and otherwise adversely effect Plaintiff's status as an employee, including but not limited to loss of wages, raises, retirement benefits, pain, suffering, harm to reputation, and humiliation caused by such illegal treatment, because of her sex.

99.

Defendant Pamela Benford acted deliberately and with forethought to punish and discriminate against Plaintiff with callous and/or reckless indifferences to her federally protected rights, entitling Plaintiff to an award of punitive damages to be determined by the enlightened conscious of a jury.

100.

As a direct and proximate result of the discrimination described above, Plaintiff has suffered injury and damages, inter alia, financial damages, mental pain and suffering, harm to reputation, humiliation, mental anguish and substantial emotional distress.

**WHEREFORE,** Plaintiff judgement as follows:

(a)         General damages for mental and emotional suffering caused by
            Defendant's misconduct;

(b)         Punitive damages against Defendant Pamela Benford
            individually based on Defendant Pamela Benford's willful,
            malicious, intentional, and deliberate acts, including
            ratification, condonation and approval of said acts;

(c)         Special damages and/or liquidated damages for lost wages and
            Benefits and prejudgment interest thereon;

(d)         Reasonable attorney's fees and expenses of litigation;

(e)         Trial by jury as to all issues;

(f)         Prejudgment interest at the rate allowed by law;

(g)         Declaratory relief to the effect that Defendant has violated
            Plaintiff's statutory rights;

(h)         Injunctive relief of reinstatement from further unlawful conduct
            of the type described herein; and

(i)         All other relief to which she may be entitled.

Respectfully submitted the 10th day of November, 2020.


LaKeisha N. Griffith
*Pro Se*


113 Pebble Pond Drive
Lilburn, GA 30047
404-493-6234
Lgriff2444@hotmail.com

## **LOCAL RULE 5.1 C CERTIFICATION**

By signature below, I certify that the foregoing pleading was prepared in

Times New Roman, 14-point font in compliance with Local Rule 5.1C.

Respectfully submitted this 10th day of November, 2020.

LaKeisha Griffith
*Pro Se*

113 Pebble Pond Drive
Lilburn, GA 30047
404-493-6234
Lgriff2444@hotmail.com

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | **Lakeisha Griffith**<br>**113 Pebble Pond Drive**<br>**Lilburn, GA 30047** | From: | **Atlanta District Office**<br>**100 Alabama Street, S.W.**<br>**Suite 4R30**<br>**Atlanta, GA 30303** |
|---|---|---|---|

| ☐ | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **410-2020-04405** | **Paul Chung,**<br>**Investigator** | **(404) 562-6858** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -
### *(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

**Derick Newton**
Digitally signed by Derick Newton
DN: cn=Derick Newton, o=ATDO, ou=EEOC,
email=derick.newton@eeoc.gov, c=US
Date: 2020.08.24 10:11:40 -04'00'

For

8-24-2020

| Enclosures(s) | **Darrell E. Graham,**<br>**District Director** | *(Date Mailed)* |
|---|---|---|

cc:
**Linda Woodard**
**Chief Human Capital Officer**
**DEKALB COUNTY SCHOOL SYSTEM**
**1701 Mountain Industrial Blvd**
**Stone Mountain, GA 30083**